Julie Cohen Lonstein, Esq.
NYS Bar No. #2393759
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C
190 South Main Street, P.O. Box 351
Ellenville, New York 12428
Tel: (845) 647-8500
Fax: (845) 647-6277
Email: Legal@signallaw.com

Trevor L. Hart, ISB #5805
Local Counsel for Plaintiff
Perry Law, P.C.
2627 W. Idaho Street
P.O. Box 637
Boise, ID 83701
Telephone: (208)338-1001
Facsimile: (208)338-8400
Email: tlh@perrylawpc.com

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO NORTHERN DIVISION – COEUR d' ALENE

-------------------------------------------------------------

ZUFFA, LLC d/b/a Ultimate Fighting Championship,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | Civil Action No. |
| GWENDOLYN HANSEN, Individually, and d/b/a JACK'S CLUB, a/k/a JACK'S CLUB LEGION, | |
| Defendant. | |

-------------------------------------------------------------

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the

Defendant herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1.   This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or
605, et seq. and for copyright infringement under the copyright laws of the U.S. (17
U.S.C. §101, et seq.).

2.   This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C.
Section §1331, which states that the district courts shall have original jurisdiction of all
civil actions arising under the Constitution, laws, or treaties of the United States; and 28
U.S.C. Section §1338(a) (copyright).

3.   Upon information and belief, venue is proper in this court because, inter alia, a
substantial part of the events or omissions giving rise to the claim occurred within
Boundary County, which is within the District of Idaho (28 U.S.C. § 1391(b) and 28
U.S.C. § 92).

4. This Court has personal jurisdiction over the parties in this action.  Defendant
to this action had or has an agent or agents who has or had independently transacted
business in the State of Idaho and certain activities of Defendant giving rise to this action
took place in the State of Idaho; more particularly, Defendant's acts of violating federal
laws and the proprietary rights of Plaintiff, as distributor of the satellite programming
transmission signals took place within the State of Idaho.  Moreover, upon information
and belief, Defendant has her principal place of business within the State of Idaho; thus,

this Court has personal jurisdiction over Defendant.

## THE PARTIES

5.   The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118.

6.   Plaintiff is the owner of the UFC 216 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 7, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7.   Upon information and belief the Defendant, GWENDOLYN HANSEN, resides at 160 Boulevard, Kenilworth, NJ 07033.

8.   Upon information and belief the Defendant, GWENDOLYN HANSEN, is the owner and operator of the establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION located at 6416 Kootenai Street, Booners Ferry, ID 83805.

9.   Upon information and belief the Defendant, GWENDOLYN HANSEN, was the individual with supervisory capacity and control over the activities occurring within the establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION, located at 6416 Kootenai Street, Booners Ferry, ID 83805 on October 7, 2017.

10.   Upon information and belief the Defendant, GWENDOLYN HANSEN, received a financial benefit from the operations of JACK'S CLUB, a/k/a JACK'S CLUB LEGION, on October 7, 2017.

-3-

11.   Upon information and belief, Defendant, GWENDOLYN HANSEN, was the individual with close control over the internal operating procedures and employment practices of JACK'S CLUB, a/k/a JACK'S CLUB LEGION, on October 7, 2017.

12.   Upon information and belief, the Establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION is located at 6416 Kootenai Street, Booners Ferry, ID 83805, and had a capacity for 101-200 people on October 7, 2017.

13.   Upon information and belief, the Establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION, is a business entity, having its principal place of business at 6416 Kootenai Street, Booners Ferry, ID 83805.

14.   Upon information and belief, Defendant, GWENDOLYN HANSEN, charged a cover charge of $5.00 per person for patrons entering the commercial establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION.

15.   Upon information and belief, Defendant, GWENDOLYN HANSEN, advertised on social media, including but not limited to the Establishment's Facebook page, for the exhibition of Plaintiff's Broadcast within the commercial establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION.

## COUNT I

16.   Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17.   Plaintiff is the owner of the UFC 216 Broadcast, including all undercard

matches and the entire television Broadcast, scheduled for October 7, 2017, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

18.   Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

19.   Plaintiff, or its authorized agent for commercial distribution, for a licensing fee, entered into licensing agreements with various entities in the State of Idaho, allowing them to publicly exhibit the Broadcast to its patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

20.   The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase via the internet.   Owners of commercial establishments wishing to use Plaintiff's Broadcasts for their own commercial gain can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities.

21.   In order to view the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

-5-

22.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or her agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain. Defendant also advertised for the Broadcast on Facebook and elsewhere, making their actions clearly willful.

23.   Upon information and belief, Plaintiff alleges that Defendant effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as JACK'S CLUB, a/k/a JACK'S CLUB LEGION for commercial gain without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendant.

24.   Upon information and belief, Defendant and/or her agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless

signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.   In addition, emerging technologies, such as broadband or internet Broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.   Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendant obtained the Broadcast.   However, it is logical to conclude that Defendant utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

25.   47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

26.   By reason of the aforementioned conduct, the aforementioned Defendant willfully violated 47 U.S.C. §605 (a).

27.   By reason of the aforementioned Defendant's violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

28.   As a result of the aforementioned Defendant's willful violation of 47 U.S.C.

§605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendant.

29.   Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

30.   Plaintiff hereby incorporates paragraphs "1" through "15" and "17" through "24," inclusive, as though fully set forth herein.

31.   Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or her agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

32.   47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

33.   Upon information and belief, the Defendant individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

-8-

34.    By reason of the aforementioned conduct, all of the aforementioned Defendant willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

35.    As a result of the aforementioned Defendant's violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

36.    Plaintiff hereby incorporates paragraphs "1" through "15" and "17" through "24," and "31," inclusive, as though fully set forth herein.

37.    Plaintiff is the owner of the copyright to the UFC 216 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 7, 2017, via closed circuit television and via encrypted satellite signal.   The filing of the applications for certificate of copyright registration are pending.   The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

38.    As a copyright holder of the rights to the UFC 216 Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

39.    Defendant never obtained the proper authority or license from Plaintiff, or its

authorized agent for commercial distribution, to publicly exhibit the UFC 216 Broadcast on October 7, 2017.

40.   Upon information and belief, with full knowledge that the UFC 216 Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or her agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in her commercial establishment on October 7, 2017.

41.   Specifically, upon information and belief, the Defendant and/or her agents, servants, workmen and employees unlawfully obtained the UFC 216 Broadcast, enabling Defendant to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

42.   By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

43.   By reason of the aforementioned Defendant's violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

44.   As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

45.   Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

-10-

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendant, *jointly and severally*, granting to plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the October 7, 2017, UFC 216 Broadcast, violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendant's direct or indirect commercial advantage or for private financial gain, as Defendant advertised and subsequently displayed Plaintiff's Broadcast.

(b)   On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for her willful violation of 47 U.S.C. §605 (a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for her violation of 47 U.S.C. §553.

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to the Defendant pursuant to §504(c)(1) and §504(c)(2) for her violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to the Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C).

(g) Attorney's fees, interest, costs of suit as to the Defendant pursuant to

17 U.S.C. §505, together with such other and further relief as this Court

may deem just and proper.

Dated:   July 27, 2018
      Ellenville, NY

**ZUFFA, LLC**

By: /s/Julie Cohen Lonstein
JULIE COHEN LONSTEIN, ESQ.
(NY #2393759)
Pending Pro Hac Vice Admission
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 South Main Street : P.O. Box 351
Ellenville, NY   12428
Telephone:   (845) 647-8500
Facsimile:    (845) 647-6277
Email: Legal@signallaw.com
*Our File No. ZU17-10ID-01*

By: /s/Trevor L. Hart
TREVOR L. HART, ESQ.
Local Counsel for Plaintiff
Perry Law, P.C.
2627 W. Idaho Street
P.O. Box 637
Boise, ID 83701
Telephone: (208)338-1001
Facsimile: (208)338-8400
Email: tlh@perrylawpc.com

-12-